The Clerk will enter summary judgment for defendants.

And it is so ordered.

Mary **CHAPMAN**

v.

**UNITED AIRCRAFT CORPORATION, ELECTRONIC COMPONENTS DIVISION.**

**Civ. A. No. 70–2478.**

United States District Court, E. D. Pennsylvania.

July 26, 1971.

Roland Morris, Frank L. White, Jr., Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

John H. Leddy, Jacob P. Hart, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

MASTERSON, District Judge.

This is an action brought by a former employee of defendant United Aircraft Corporation seeking various forms of relief under Section 301 of the Labor Management Relations Act of 1947, 29

U.S.C.A. § 185. Plaintiff claims that she was subjected to hostile discrimination by supervisory employees during her employment by defendant which resulted in her "constructive discharge", in violation of the anti-discrimination clause of the collective bargaining agreement between Amalgamated Local 138, I.U.E. and United Aircraft.

Defendant has filed a Motion for Summary Judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure. Defendant takes the position that there is no genuine issue as to any material fact, and that since plaintiff may not litigate before this court issues that have already been finally processed through the grievance machinery of her labor agreement,[1] the company is entitled to summary judgment. See Haynes v. United States Pipe & Foundry Company, 362 F.2d 414 (5th Cir. 1966); Lomax v. Armstrong Cork Company, 433 F.2d 1277 (5th Cir. 1970).

█ Plaintiff's position, however, is that the application of the grievance machinery by the defendant Company in this case was arbitrary and in bad faith. The affidavit of Ralph George, President of Amalgamated Local 138 of the I.U.E. during the period covered by the complaint, indicates that the company violated the spirit of the grievance machinery by summarily denying the six grievances filed by plaintiff. It is clear to us that we cannot allow the outcome of the contractual remedial procedure to bar relief in this court if plaintiff was denied the opportunity to adequately present her claims because of arbitrary or bad faith application of that procedure. *Haynes, supra,* 362 F.2d at 418. Desrosiers v. American Cyanamid Company and International Chemical Workers Union, 377 F.2d 864, 871 (2nd Cir., 1967).[2] In Vaca v. Sipes, 386 U.S. 171,

87 S.Ct. 903, 17 L.Ed.2d 842 (1967), the Supreme Court recognized:

"Because these contractual remedies have been devised and are often controlled by the union and the employer, they may well prove unsatisfactory or unworkable for the individual grievant. The problem then is to determine under what circumstances the individual employee may obtain judicial review of his breach-of-contract claim despite his failure to secure relief through the contractual remedial procedures." 386 U.S. 171, 185, 87 S. Ct. 903, 914.

█ It is not for us to determine at this point whether plaintiff's allegations of bad faith are true. It is sufficient to note that in measuring defendant's good faith in the application of the grievance procedure, we are confronted with a genuine issue of material fact.

---

1. Defendant also contends that issues which were never raised through the grievance process may not be presented to this court.

2. In *Desrosiers*, plaintiff claimed bad faith and collusion on the part of the company and the union. We should clarify that plaintiff in the present case alleges bad faith on the part of the company only, but it is clear that unilateral bad faith can sufficiently undermine the grievance procedure so as to make it ineffective.